## WICKNER vs. CROGHAN.

APPEAL from the court of the first district.

East'n. District.
*July* 1825.

WICKNER
*vs.*
CROGHAN.

A payment when not applied by the payor, must be imputed to the debt he had the greatest interest to discharge.

MARTIN, J. delivered the opinion of the court. The plaintiff states she sold the defendant a tract of land in April 1818, for $8,000, payable one half on the 1st of January following, and one-half one year thereafter, and, in February 1819, she sold him another tract, for $18,000, payable by equal instalments, in March, 1820 and 1821; that the defendant, at various periods, paid several sums, amounting in the aggregate to $20,641 42, with interest thereon down to April 4, 1823, when the parties came to a settlement, in which they agreed that $5358 remained due, for which she received two promissory notes, bearing interest at 10 per cent. per year, which remain unpaid.

On this she procured a writ of seizure and sale, on the first tract, for the price of which she had retained a special mortgage.

On motion of the defendant she was ruled to shew cause why the order should not be set aside; neither of the notes being shewn to refer to the price of the tract. The rule was discharged and the plaintiff appealed.

We think the court erred. The payment of

East'n. District.
*July* 1825.

WICKNER
*vs.*
CROGHAN.

the price of the first tract was secured by a mortgage; that of the second was not.

The payments made by the defendant, must be first imputed to the *first* debt as the one which he had the greatest interest to discharge, *i. e.* that which was the most burthensome, being secured by mortgage, which was also the oldest. *Civ. Code.* 290, *art.* 196.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the rule obtained by the defendant against the plaintiff be made absolute, and it is further ordered, that she pay costs in both courts.

*Cuvillier* for the plaintiff, *Pierce* for the defendant.